## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **IN RE:** | **SHEILA WILLIAMS,** | : | **Chapter 13** |
| | | : | |
| | **Debtor** | : | **Bky. No. 21-10197 ELF** |

# O R D E R

**AND NOW,** upon consideration of the Motion for Relief from the Automatic Stay (Doc. # 59)  filed by  BSI Financial Services as servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series III Trust ("the Lender") and the response thereto;

**AND**, after a hearing in which the Debtor appeared in opposition to the relief requested;

**AND**, for the reasons stated in court;

It is hereby **ORDERED** and **DETERMINED** that:

1. The automatic stay shall remain in effect provided that the Debtor complies with the requirements of this Order.

2. **On or before September 27, 2021**, the Debtor shall make a payment of **$7,000.00** to the Lender by delivering the payment to the office of the Lender's counsel, Friedman Vartolo, to the attention of William Miller.

3. **On or before September 29, 2021**, the Debtor shall file an amended chapter 13 plan to reflect the changes in the base amount of her chapter 13 plan caused by the payment required by Paragraph 1 above.

4. During the pendency of this bankruptcy case, the Debtor shall timely pay all future postpetition monthly instalments falling due on the mortgage held by the Lender.

5. In the event that the Debtor fails to make the payment required by Paragraph 2, upon certification of default filed with the court and served on the Debtor and the Debtor' counsel,

the court will grant relief from the automatic stay to the Lender, without a further hearing.

6.  In the event that the Debtor fails to make any of the payments required by Paragraph 4 above on or before their due dates, the Lender may give the Debtor and Debtor's counsel written notice of the default and if such default is not cured within fourteen (14) days after the service of the notice, upon certification of default filed with the court and served on the Debtor and the Debtor' counsel, the court may grant relief from the automatic stay to the Lender, without a further hearing.

7.  In the event that the court grants relief from the automatic stay pursuant to Paragraph 5 or 6 above, upon entry of the Order and pursuant to 11 U.S.C. § 362(d)(4), any future filing in any case under the Bankruptcy Code purporting to affect the real property known as 557 Wanamaker Road, Jenkintown, PA 19046 shall not operate as a stay against the Lender, its successors and/or assigns for a period of two (2) years marked from entry of the Order, provided that the Lender complies with the recording requirement stated in §362(d)(4).

8.  In the event that the court enters an order granting relief from the automatic stay pursuant to Paragraph 5 or 6 above and that order fails to expressly provide for the relief stated in Paragraph 7 above, the terms of Paragraph 7 shall nonetheless take effect.

9.  By agreement of the parties and notwithstanding Fed. R. Bankr. P. 4001(a)(3), any order entered pursuant Paragraphs 5 or 6 above, shall be immediately effective.

Date:   September 21, 2021

_____

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**